## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02355-CNS-KAS

DEREK Z. TAYLOR, et al.,

    Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.

    Defendants.

---

## DEFENDANTS' MOTION TO VACATE SCHEDULING CONFERENCE AND STAY PROCEEDINGS PURSUANT TO FED. R. CIV. P. 26(c)

---

The Defendants, Denver Health and Hospital Authority, Nurse Melissa Brokaw, Nurse Bernice Chavarria Torres, Nurse Alice Mukamugemanyi, Nurse Isaac Karugu and Dr. Peter Crum ("Defendants"), through their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c), respectfully move this Court for an order vacating the scheduling conference and stay proceedings. In support the Defendants state as follows:

### CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), the parties conferred regarding the requested relief. The Plaintiffs oppose this motion.

### INTRODUCTION

This action arises from a complaint filed on September 13, 2023. (ECF #1). The claims asserted by Plaintiffs consist of constitutional violations sounding under 42 U.S.C. § 1983 for failure to provide medical care and treatment, unconstitutional polices/customs/training/failure to supervise and wrongful death. *Id.* The six applicable Defendants waived service of process on

September 27, 2023. (ECF #5). Responsive pleadings to the Complaint are due November 27, 2023. *Id.*

On October 11, 2023, an Order was issued setting this matter for a Scheduling Conference on November 13, 2023. (ECF #9). The Proposed Scheduling Order is due November 6, 2023. *Id.* For each of the reasons that follow, the Defendants request that the Court vacate the Scheduling Conference and stay all case proceedings until the Defendants have had the opportunity to respond to the Complaint.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(c) permits a court to "make any order which justice requires to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). It is well-established that a district court has broad discretion to stay proceedings where appropriate. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "The decision to stay discovery rests within the sound discretion of the trial court." *Fine v. Tumpkin*, No. 17-cv-02140-WJM-MEH, 2018 U.S. Dist. LEXIS 3012, at *2 (D. Colo. Jan. 8, 2018) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)). This discretion "arises from [the court's] power to control its own docket." *Id.* (citing *Clinton*, 520 U.S. at 706-07). It has been long held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In evaluating a request for a stay, the Court evaluates the following five factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of

2

nonparties; and (5) the public interest.  *Fine*, 2018 U.S. Dist. LEXIS 3012, at *4 (D. Colo. Jan. 8, 2018) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006)).

## ARGUMENT

The Complaint in this matter is 34 pages and contains 194 separate paragraphs of allegations.  (ECF #1).  The Defendants consist of Denver Health, a political subdivision of the State of Colorado pursuant to C.R.S. § 25-29-103(1) and five members of its medical staff that were employed at the Denver County Jail to provide medical care to inmates.  Medical staff employed by the state that provide medical services act under the color of state law for the purposes of 42 U.S.C. § 1983 when undertaking their duties.  *See West v. Atkins*, 487 U.S. 42, 54 (1988).

Defendants waived service on September 27, 2023, and are still in the process of examining the basis of the claims and any potential defenses that may be asserted.  The Scheduling Conference triggers deadlines prior to responsive pleadings being filed by the Defendants.  As a threshold issue, it is anticipated the medical staff Defendants will assert qualified immunity.

### I. The Relative Interests of the Parties Weigh in Favor of a Stay

The first two factors favor a stay in this case.  The Plaintiffs will not be prejudiced while the Defendants are afforded the statutory time period allowed to file their responsive pleadings.  While Defendants are still in the process of evaluating the claims asserted, it is anticipated that motions will be filed that assert qualified immunity.  The allowed time to respond to the Complaint is necessary and subjecting Defendants to the burdens of discovery prior to filing a response weighs in favor of a stay.  Plaintiff cannot claim prejudice when they chose the time to file the Complaint, they are seeking only monetary relief[1] and Mr. Taylor is deceased.  (ECF #1 at pgs. 2 and 33).

---

[1] While the Plaintiffs' prayer for relief seeks "declaratory relief and other appropriate equitable relief" there are no allegations stating what declaratory relief is sought.

3

A stay is appropriate where a potential ruling in favor of the Defendants on any Motion to Dismiss will completely resolve the entire action. *See Alvarez-Cortez v. Vallaria*, No. 11-cv-02307-WYD-KMT, 2012 U.S. Dist. LEXIS 711, at *5 (D. Colo. Jan. 4, 2012) (granting stay pending adjudication of motion to dismiss and stating that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action") (citation and internal quotations omitted). This is true under the circumstances presented by this case, in which the Defendants will raise qualified immunity. As noted by the Supreme Court, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands" associated with litigation. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Those who assert immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]"). "[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity provides officials with the valuable protections from the burdens of broad-reaching discovery." *Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997).

While such a motion has yet to be filed, but anticipated, under these circumstances vacating the scheduling conference and issuing a temporary stay is appropriate and necessary to preclude undue burden and expense relating to the litigation of this action. *See Fine*, 2018 U.S. Dist. LEXIS 3012, at *4 (D. Colo. Jan. 8, 2018).

If the case is not stayed, the Defendants will be forced to expend financial and human resources in defending this action and engaging in the litigation process, including but not limited to time and expenses associated with engaging in the Rule 26(f) Conferral Meeting, preparing and

4

filing a Proposed Scheduling Order, participating in the Scheduling Conference, conducting discovery, defending discovery requests from the Plaintiffs, and any related motion practice or discovery hearings which may become necessary. Several of these items would be concluded prior to a responsive pleading even being filed.

It is in all parties' interests to first determine which—if any—claims will persist prior to the commencement of the discovery process. This is true given that the discovery rules are tied to the nature of the claims and defenses at issue in this action and make discovery appropriate only as it pertains to "any nonprivileged matter that is relevant to any party's claim or defense and proportional of the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Given that the pleadings are unsettled, it would be impossible to meaningfully assess these factors. Further, Plaintiffs make clear in their Complaint that attorney fees are requested. (ECF #1 at ¶¶ 5, 175, 187 and "Prayer for Relief"). The best interest of the parties is exemplified by limiting the attorneys' fees associated with the case rather than allowing these issues to commence absent the settling of the pleadings.

Plaintiffs will not incur any undue prejudice by the proposed delay, whereas the prejudice to the Defendants if discovery proceeds at this early stage will be substantial. *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816 at * 7 (D. Colo. May 17, 2012) (noting that all plaintiffs have a general interest in proceeding expeditiously, but finding that this factor did not outweigh the defendants' interests in a stay of proceedings). Accordingly,

the first two factors weigh in favor of vacating the scheduling conference and staying all proceedings until Defendants have filed their responsive pleadings.

## II.     The Interests of the Court and the Public Weigh in Favor of a Stay

A court will consider its own convenience and the public interest in general when considering a motion to stay. "[T]he district court has the power to stay proceedings … for the purpose of economy and time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (internal quotations and citation omitted). Neither the Court's nor the parties' time and resources are well-served by engaging in the litigation process under these circumstances. *See Frontier Steel Bldgs. Corp. v. S.J. Amoroso Constr. Co.*, No. 08-cv-00408-MSK-KLM, 2008 U.S. Dist. LEXIS 38319, at *3 (D. Colo. May 1, 2008). "Although the court has an interest in managing its docket by seeing cases proceed expeditiously, any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss." *Gale v. Jacob*, No. 15-cv-00347-WJM-KMT, 2015 U.S. Dist. LEXIS 80569 at *5 (D. Colo. June 22, 2015). A stay of the proceedings will be the most efficient way to conserve time and public resources as well, as the efforts and resources of this Court, given that the Defendants will file motions to dismiss, and if granted, will resolve this case in its entirety.

Good cause exists for vacating the scheduling conference and staying the proceedings. Defendants require the statutory time afforded to them to evaluate the substantial claims of the Plaintiffs asserted in their Complaint, inclusive of going through the factual and legal basis of each allegation, discussing the factual basis of the claims asserted with each of the five individuals and Denver Health and determining the proper scope and arguments related to any defenses. Any

Proposed Scheduling Order required by the Court will include a Statement of Claims and Defenses and Defendants are still reviewing the allegations asserted and the factual and legal basis of any defenses that may be asserted. This evaluation will also entail the scope of discovery proposed and the case plan and schedule in the Proposed Scheduling Order. Without the pleadings being settled, the scope, case plan and schedule cannot be fairly determined by the Defendants.

**III.     The State Law Wrongful Death Claim should Similarly be Stayed**

"Proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketz*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271 at *3 (D. Colo. May 28, 2015); *Ingram v. Clements*, No. 14-cv-01024-REB-KMT, 2015 U.S. Dist. LEXIS 45958 at *6 (D. Colo. Apr. 8, 2015). Moreover, the Supreme Court has specifically addressed this issue:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685 (2009). Under this standard, a complete stay of discovery for claims and defendants both subject to and not subject to an immunity defense is appropriate and regularly ordered. *See, e.g., Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety of a complete stay of discovery when some defendants raise qualified immunity); *Chapman v. Federal Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 U.S. Dist. LEXIS 99648 at *10-12 (D. Colo. July 30, 2015) (entering complete stay of discovery despite immunity defense only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transp.*, No. 14-cv-00844-REB-KMT, 2014 U.S. Dist. LEXIS 158723 at *9 (D. Colo. Nov. 10, 2014). Allowing discovery to commence on the state law claim would be, in turn,

allowing discovery to commence on the constitutional claims. And while the Defendants have to respond to the Complaint, defenses will be raised that apply to such. Accordingly, any state law claims asserted should similarly be stayed pursuant to the arguments raised herein.

## CONCLUSION

Vacating the scheduling conference and staying the proceedings is proper under the circumstances. None of the parties, the Court, or the public are well-served in being involved in the "struggle over the substance of the suit" when the Defendants have yet to respond to the Complaint and dispositive motions are forthcoming. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas,* No. 10-cv-00658-WDM-MEH, 2011 WL 572386 at *3 (D. Colo. Feb. 14, 2011) (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2, (D.D.C. 2001)). For the reasons stated herein, the Defendants respectfully request this Honorable Court to vacate the scheduling conference set for November 13, 2023, and stay all proceedings until, at a minimum, the responsive pleadings of the Defendants are filed.

DATED at Denver, Colorado this 12th day of October, 2023.

s/ Anthony E. Derwinski
Anthony E. Derwinski, Esq., Colo. Bar #44408
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
Phone: 303.623.1131
E-mail: aderwinski@rs3legal.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2023, I electronically filed the foregoing which will send notification of such filing to all counsel of record.

                                            s/ Anthony E. Derwinski_____
Anthony E. Derwinski, Esq., Colo. Bar #44408
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
Phone: 303.623.1131
Fax: 303.623.1141
E-mail: aderwinski@rs3legal.com
*Attorneys for Defendants*