## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-02355-CNS-KAS

ESTATE OF LEROY "NICKY" TAYLOR;
DEREK Z. TAYLOR, as Personal Representative and heir of the Estate of Leroy Taylor; and
SHAWN HERRON, as heir of Leroy Taylor;

      Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY; a political subdivision of the State of Colorado;
PETER CRUM, M.D., in his individual capacity;
MELISSA BROKAW, RN, in her individual capacity;
BERNICE CHAVARRIA TORRES, LPN, in her individual capacity;
ISAAC KARUGU, RN, in his individual capacity;
ALICE MUKAMUGEMANYI, LPN, in her individual capacity;
JOHN DOES 1-20, in their individual and official capacities;

      Defendants.

---

## SCHEDULING ORDER

---

### 1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

      A scheduling conference in this case was held on November 13, 2023 at 11:00 a.m. The Parties were represented at the conference as follows:

**For Plaintiffs:**
Ciara M. Anderson
Edward Hopkins Jr.
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
ca@rmlawyers.com
eh@rmlawyers.com

**For Defendants:**
Anthony E. Derwinski
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, CO  80203
(303) 575-8026
aderwinski@rs3legal.com

## 2.    STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiffs' claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiffs:

This case concerns the death of Mr. Leroy "Nicky" Taylor on February 9, 2022 in the Downtown Denver Van Cise-Simonet Detention Center as a result of Denver Health and Hospital Authority doctors and nurses' deliberate indifference to his known serious medical needs. For more than a week leading up to Mr. Taylor's preventable death, Denver Health medical staff in the jail ignored Mr. Taylor's ongoing and severe symptoms, including chest pain, vomiting, diarrhea, and his feet and hands turning blue.

While Denver Sheriff Department ("DSD") staff, prisoners, and civilians who spoke to Mr. Taylor on the phone all recognized Mr. Taylor's dire and deteriorating medical condition and advocated for him to receive treatment, one crucial cohort of persons failed to take Mr. Taylor's condition seriously: Denver Health medical staff. Each individual defendant knew or should have known of the high risk to Mr. Taylor's life given the severity

2

of the symptoms he was experiencing and the dangerous consequences of not properly treating his medical condition. Each defendant failed to properly examine, monitor, treat, and care for Mr. Taylor, ultimately costing him his life.

This is an action for damages arising from Defendants' violation of Mr. Taylor's Eighth Amendment rights, as well as a pendent state law claim for wrongful death. The Individual Defendants violated Mr. Taylor's constitutional rights through their deliberate indifference to his serious medical needs. Defendant Denver Health is also liable for the deprivation of constitutional rights as its customs, policies, and practices regarding inadequate medical care was the moving force and proximate causes of the deprivation of constitutional rights. Plaintiffs bring this suit seeking all legally and equitably available relief, including their attorneys' fees and costs.

   b. **Defendants:**

The Defendants deny Plaintiffs' factual recitation stated above is accurate. The individually named Defendants (Dr. Crum and Nurses Brokaw, Torres, Karugu and Mukamugemanyi) assert the defense of qualified immunity for the constitutional claims asserted against them.  They deny Plaintiffs can carry their burden of proving that they violated the constitutional rights of Mr. Taylor and/or that the constitutional violations asserted were clearly established at the time of the events in question.

The individual Defendants deny they violated Mr. Taylor's 8th Amendment rights. They deny they were deliberately indifferent to Mr. Taylor's medical needs at the times set forth in the Complaint or that they failed to provide medical care and treatment.  The medical staff Defendants deny they actually drew the inference that Mr. Taylor's history and presentation signified that he was going to die of natural causes and nevertheless disregarded it.  Accordingly, the medical staff Defendants deny Plaintiffs' claims for

damages.  The medical staff Defendants further deny they are liable under any state law claims pled.

Denver Health also denies it violated Mr. Taylor's constitutional rights.  It denies that is created a policy or custom which amounted to deliberate indifference to Mr. Taylor's constitutional rights, and that such policies or customs caused the alleged constitutional violations alleged in the Complaint.  Denver Health denies it is liable under any state law claims pled.  The Defendants will be filing a Motion to Dismiss by the deadline of November 27, 2023, seeking the dismissal of the claims against them in their entirety.

## 4.   UNDISPUTED FACTS

The following facts are undisputed:

1. This action arises under the Constitution of laws of the United States and is brought pursuant to 42 U.S.C. § 1983 and state of Colorado law.

2. Mr. Taylor died on February 9, 2022.

3. At all relevant times to the complaint, Defendants were employees acting within scope of employment of Denver Health Hospital & Authority.

## 5.   COMPUTATION OF DAMAGES

**\*\*Plaintiffs shall supplement with computation of economic damages by 11/15/23.\*\***

Plaintiffs claim actual economic losses, including consequential, compensatory (including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, loss of companionship, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, medical costs, physical injuries and other non-pecuniary losses), declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate, punitive damages for all claims allowed by law in an amount to be

determined at trial, as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, and all other damages and relief legally recoverable including equitable relief. A more precise computation of Plaintiffs' damages, to the extent Plaintiffs' damages are subject to such computation, may be provided during the normal course of discovery, and will further be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

The Defendants do not claim any damages at this time but reserve the right to request costs and attorneys' fees, as appropriate.  Further, Defendants object to Plaintiffs' failure to include a computation of damages in the proposed scheduling order, specifically for economic loss.

**6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**a.   Date of Rule 26(f) meeting.**

The Parties met via telephone on November 1, 2023.

**b.   Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Ciara Anderson represented Plaintiffs. Anthony Derwinski represented Defendants.

**c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties will make their Rule 26(a)(1) initial disclosures by **November 15, 2023**.

**d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The Parties have agreed to make their Rule 26(a)(1) initial disclosures by November 15, 2023.

**e.   Statement concerning any agreements to conduct informal discovery:**

The Parties agreed to subpoena any relevant records from Denver Sheriff Department.

      f.   **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties intend to enter into a protective order to protect the confidentiality of certain documents.

(3) The Parties agree and consent pursuant to FED. R. CIV. P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email address of lead counsel, identified in Paragraph 1 of this Scheduling Order.

(4) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

      g.   **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that the claims or defenses in this matter will involve extensive electronically stored information. The parties have health care records, communications, and videos in electronic format. The Parties will work together to facilitate the discovery of such information and to produce it in a functional and practical format.

      h.   **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties engaged in pre-litigation settlement discussions on two separate occasions. The Parties have discussed what additional information they require to engage in good faith settlement discussions and agree to work together so that additional good faith

settlement discussions can occur.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.    DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree that each side will be entitled to twelve (12) depositions, not including experts.

b. **Limitations which any party proposes on the length of depositions.**

The Parties agree to seven (7) hours, on one calendar day, for each deponent.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties agree to a limit of twenty-five (25) interrogatories, twenty-five (25) requests for production, and twenty-five (25) requests for admission, per side.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Requests for Production of Documents, Requests for Admission, and Interrogatories must be served on the opposing party no later than **forty-five (45) days before the close of discovery**.

e. **Other Planning or Discovery Orders**

The Parties intend to timely file a protective order facilitating the exchange of sensitive and confidential information for entry by the Court.

## 9.  CASE PLAN AND SCHEDULE

a.     Deadline for Joinder of Parties and Amendment of Pleadings: **December 28, 2023.**

b.     Discovery Cut-off: **June 28, 2024**

c.     Dispositive Motion Deadline: **July 26, 2024**

d.     Expert Witness Disclosure

  1.     The parties shall identify anticipated fields of expert testimony, if any.

   a.  **Plaintiffs:** Emergency care, cardiology and pulmonary health, jail health care, and economic and non-economic loss.

   b.  **Defendants:** Jail medical practices, cardiology and pulmonary health, forensic pathology and nursing.

  2.     Limitations which the parties propose on the use or number of expert witnesses.

The Parties propose a limit of four (4) retained experts per side, not including rebuttal or Rule 26(a)(2)(c) experts. The Parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert.

  3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 26, 2024.**

  4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 27, 2024.**

     e.     Identification of Persons to Be Deposed:

The parties are presently determining their discovery needs. Accordingly, the schedule listed below is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions.  The parties anticipate discovering the necessity and length of depositions during the course of the matter.

***Preliminary List of Plaintiffs' Depositions:***

| Deponent | Expected Length of Deposition |
|---|---|
| Peter Crum, M.D. | 7 hours |
| Melissa Brokaw, RN | 7 hours |
| Bernice Chavarria Torres, LPN | 7 hours |
| Isaac Karugu, RN | 7 hours |
| Alice Mukamugemanyi, LPN | 7 hours |
| Deputy Rajiv Panchal | 7 hours |
| Deputy Hourmey | 7 hours |
| Deputy Eric Givens | 7 hours |
| Sergeant Karen McGill | 7 hours |
| 30(b)(6) Representative(s) of Denver Health and Hospital Authority | 7 hours – per designee |
| 30(b)(6) Representative(s) of Denver Sheriff Department | 7 hours – per designee |
| Expert witnesses | 7 hours |

| Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff, Derek Taylor | 6 hours |
| Plaintiff, Shawn Herron | 6 hours |
| Deputy West of Denver Sheriff's Department | 5 hours |
| Dr. Ian Puffenberger, Forensic Pathologist | 5 hours |
| Other individuals disclosed by the parties obtained in discovery | TBD |

| Experts | TBD |
|---|---|

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

**TBD**

_____ .

b.  A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_m.  A

Final Pretrial Order shall be prepared by the parties and submitted to the court no later than

seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel
after a good faith effort, were unable to reach an agreement.**

- Defendants request a computation of damages, particularly those associated

  with economic damages.

b.  **Anticipated length of trial and whether trial is to the court or jury.**

Ten (10) day jury trial.

c.  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently
or economically conducted in the District Court's facilities at 212 N. Wahsatch
Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.
Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-
2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E.
2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR  6.1(c)  by  serving  the  motion  contemporaneously  upon  the  moving

attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case. **& Mag. J. Starnella's discovery dispute procedures.**

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this **13th** day of **November**, 2023.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

**For Plaintiffs:**
*s/ Ciara M. Anderson*
Ciara M. Anderson
Matthew J. Cron
Qusair Mohamedbhai
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
ca@rmlawyers.com
mc@rmlawyers.com
qm@rmalwyers.com

**For Defendants:**
*s/Anthony E. Derwinski*
Anthony E. Derwinski
Emma K. Jamerson
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, CO  80203
(303) 575-8026
aderwinski@rs3legal.com
ejamerson@rs3legal.com