IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-02355-CNS-KAS

ESTATE OF LEROY "NICKY" TAYLOR;
DEREK Z. TAYLOR, as Personal Representative and heir of the Estate of Leroy Taylor; and,
SHAWN HERRON, as heir of Leroy Taylor;

    Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY; a political subdivision of the State of Colorado;
PETER CRUM, M.D., in his individual capacity;
MELISSA BROKAW, RN, in her individual capacity;
BERNICE CHAVARRIA TORRES, LPN, in her individual capacity;
ISAAC KARUGU, RN, in his individual capacity;
ALICE MUKAMUGEMANYI, LPN, in her individual capacity;
JOHN DOES 1-20, in their individual and official capacities;

    Defendants.

---

## STIPULATED ORDER

---

This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and Rule 502(d) of the Federal Rules of Evidence concerning the treatment of Attorney-Client Privilege and Work Product Limitations of Waivers.

    1.    This Protective Order shall apply to all documents, materials, data, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "attorney-client privilege" and "work-product protection" are defined as provided in Fed. R. Evid. 502 (g).

4. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

5. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

6. Information designated "CONFIDENTIAL" shall be information that is protected by a statutory, regulatory, or common law right of privacy or protection, or information that otherwise contains nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff or Defendant, including Defendant's current and former employees, or any other nonparty including confidential, security-

sensitive, law enforcement sensitive, investigatory, government information, proprietary, trade secret, financial, or other confidential research, development or commercial information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Third-parties disclosing any CONFIDENTIAL information may designate such CONFIDENTIAL information as CONFIDENTIAL per this Protective Order and any party to this Protective Order may designate CONFIDENTIAL information produced by a third-party as CONFIDENTIAL per this Protective Order.

7. Any information designated by a party as CONFIDENTIAL will first be reviewed by counsel for the designating party who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c).

8. When Confidential Information is produced, provided or otherwise disclosed by a party (whether in response to any discovery request or otherwise), it may be designated in the following manner by:

    a) Imprinting the word "Confidential" or "Subject to Protective Order" on the first page or cover of any document produced;

    b) Imprinting the word "Confidential" or "Subject to Protective Order" next to or above any response to a discovery request;

    c) Designating deposition testimony as "Confidential" or "Subject to Protective Order" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions

as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to or in:

    a) attorneys actively working on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c) the parties;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e) the Court and its employees ("Court Personnel");

    f) the jury to whom the case may be presented;

    g) papers filed with the Court as allowed or directed at the Court's Scheduling Conference or other hearings;

    h) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

i) deponents, witnesses, or potential witnesses;

j) any adjuster, insurer or risk-sharing agency for any of the Parties as required to monitor, adjust, or otherwise evaluate the case for liability, defense or settlement purposes;

k) mediators; and

l) other persons by agreement of the parties.

10. Prior to disclosing any CONFIDENTIAL documents to any person listed above (other than counsel, persons employed by counsel, the Court, its employees and jurors, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed form attached as Exhibit A. All such executed forms shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

11. In the event it is necessary for the Parties to file or refer to Confidential Information with the Court in connection with any proceeding, motion, pleading, brief or other filing, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2 except as otherwise directed by the Court. The party designating information as Confidential Information shall be responsible for submitting a Motion to Restrict Access, following the submission of Confidential Information filed, if the designating party seeks to maintain the confidentiality of the information.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The

written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to follow the Court's dispute protocols. If the Court's dispute protocols are necessary, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court makes a finding under its protocols.

13. In the event of an inadvertent disclosure of CONFIDENTIAL information, or privileged documents or information, by any party to this agreement, the parties agree that the right to designate such materials as CONFIDENTIAL or to assert privilege will not be waived where the producing party notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure and no other basis for waiver has occurred. Upon notification of an inadvertent disclosure of CONFIDENTIAL or privileged documents or information, the producing party shall notify the receiving party of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested privileged materials and any copies thereof.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be preserved by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures and records-retention policy. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain Confidential Information, for the sole purpose of maintaining a complete file, and all such retained

documents will not be released, disclosed, or utilized except upon express permission of the designating party or this Court after written notice to counsel for the Party that produced the documents. The termination of this action shall not relieve counsel, or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. Nothing in this Protective Order shall relieve any party of its obligation under FED. R. CIV. P. 26(b)(5) to prepare and provide a privilege log.

18. Nothing in this Protective Order shall be construed to limit the parties' ability to submit necessary exhibits to the Court or jury at trial.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this  24th  day of  November , 2023.

                                                                Hon. Kathryn A. Starnella
                                                                United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-02355-CNS-KAS

ESTATE OF LEROY "NICKY" TAYLOR;
DEREK Z. TAYLOR, as Personal Representative and heir of the Estate of Leroy Taylor; and,
SHAWN HERRON, as heir of Leroy Taylor;

 Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY; a political subdivision of the State of Colorado;
PETER CRUM, M.D., in his individual capacity;
MELISSA BROKAW, RN, in her individual capacity;
BERNICE CHAVARRIA TORRES, LPN, in her individual capacity;
ISAAC KARUGU, RN, in his individual capacity;
ALICE MUKAMUGEMANYI, LPN, in her individual capacity;
JOHN DOES 1-20, in their individual and official capacities;

 Defendants.

---

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

---

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in this matter. I agree to comply with and be bound by all of the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

By: _____    Date: _____