# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02355-CNS-KAS

DEREK Z. TAYLOR, et al.,

    Plaintiffs,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, et al.

    Defendants.

## MOTION TO VACATE SCHEDULING ORDER AND STAY DISCOVERY

The Defendants, Denver Health and Hospital Authority, Nurse Melissa Brokaw, Nurse Bernice Chavarria Torres, Nurse Alice Mukamugemanyi, Nurse Isaac Karugu and Dr. Peter Crum ("Defendants"), pursuant to Fed. R. Civ. P. 26(c), respectfully move this Court for an order vacating the Scheduling Order (Doc. #22) and stay all discovery pending resolution of Defendants' dispositive motion. In support, the Defendants state as follows:

## CERTIFICATION OF CONFERRAL

Counsel for the Defendants previously conferred with counsel for the Plaintiff regarding the proposed relief. The relief is opposed.

## INTRODUCTION

The Defendants request this Court to vacate the Scheduling Order (Doc. #22) and stay all discovery proceedings pending the determination of the entitlement to qualified immunity of the individually named Defendants. Plaintiff's First Amended Complaint asserts claims under 42 U.S.C. § 1983 against the individuals alleging that they violated

the constitutional rights of Leroy Taylor. The individual Defendants have asserted the defense of qualified immunity. Because qualified immunity is immunity from suit, not just from trial, all proceedings in this case should be stayed. Both applicable law and the practical realities of this case demonstrate the need for a stay of all discovery until the Court rules on qualified immunity.

## STANDARD OF REVIEW

Qualified immunity protects public officials from the burdens of discovery "in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Mitchell v. Forsyth*, 473 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (alteration in original)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties, and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 513 (1994) (quoting *Harlow*, 457 U.S. at 806).

Qualified immunity is not only a mere defense to liability; it is an immunity to suit. *Mitchell*, 473 U.S. at 526-27. Qualified immunity is both an entitlement not to stand trial and to be relieved of the burdens of pre-trial discovery. *Workman v. Jordan*, 958 F.2d 332. 336 (10th Cir. 1992); *Pueblo Neighborhood Health Centers v. Losavio*, 847 F.2d 642, 644 (10th Cir. 1988). "[W]hen a case can be dismissed on the pleadings or in an early pre-trial stage, qualified immunity also provides officials with the valuable protection from 'the burdens of broad-ranging discovery.'" *Johnson v. Frankell*, 520 U.S. 911, 915 n. 2 (1997) (quoting *Harlow*, 457 U.S. at 818)).

It has been long held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy

of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is warranted when a dispositive motion is pending. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved").

In evaluating a request for a stay, the Court evaluates the following five factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006)).

## ARGUMENT

### I. The Relative Interests of the Parties Weigh in Favor of a Stay.

The first two factors favor a stay in this case. The District of Colorado has held that subjecting a defendant to discovery when a motion to dismiss is pending results in the defendant bearing undue burden or expense. *See String Cheese*, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006). "[T]he potential harm to Plaintiff in briefly awaiting a ruling on the motion[] is outweighed by the burden Defendants would bear in requesting and responding to discovery pending resolution of the motion[] that could remove them from the case and change the framework and scope of the litigation." *Fine v. Tumpkin*, No. 17-cv-02140-WJM-MEH, 2018 U.S. Dist. LEXIS 3012, at *4 (D. Colo. Jan. 8, 2018).

A stay is even more appropriate where, as here, a ruling in favor of the Defendants on their Motion to Dismiss will completely resolve the entire action. *See Alvarez-Cortez v. Vallaria*, No. 11-cv-02307-WYD-KMT, 2012 U.S. Dist. LEXIS 711, at *5 (D. Colo. Jan. 4, 2012) (granting stay pending adjudication of motion to dismiss and stating that "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action") (citation and internal quotations omitted). This is particularly true under the circumstances presented by this case, in which five of the six Defendants have raised qualified immunity.

As noted by the Supreme Court, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Officials who assert immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell*, 472 U.S. at 526. ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]"). "[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity provides officials with the valuable protections from the burdens of broad-reaching discovery." *Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997).

As explained by the Supreme Court in *Ashcroft v. Iqbal*, there are serious reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources

4

>that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation and discovery].

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Under these circumstances, a temporary stay pending adjudication of the motion to dismiss is appropriate and necessary to protect the individual Defendants from the undue burden and expense arising from further litigation of this action. *See Fine*, 2018 U.S. Dist. LEXIS 3012, at *4 (D. Colo. Jan. 8, 2018).

If the case is not stayed, the Defendants will be forced to expend financial and human resources in defending this action and engaging in the litigation process, including but not limited to time and expenses associated with engaging in discovery, defending discovery requests from the Plaintiff, lengthy and voluminous depositions, and any related motion practice or discovery hearings which may become necessary.

These burdens extend to the individual Defendants who have asserted qualified immunity and to Denver Health. If discovery proceeds while the dispositive motion is pending, Denver Health will be forced to expend resources of discovery that may ultimately prove unnecessary. These burdens are not insubstantial. Should this Court resolve the motions in favor of the individual defendants finding that no underlying constitutional violation has been plausibly alleged, the claim against Denver Health likewise fails as a matter of law. *Triagalet v. City of Tusla, Okla.*, 239 F.3d 1150, 1155 (10th Cir. 2001).

Proceeding with discovery before the parameters of any claims that may remain are determined would be inefficient, costly, and burdensome on all of the parties. Indeed, it is in all parties' interests to first determine if any claims will persist prior to the

5

commencement of the discovery process. This is true given that the discovery rules are tied to the nature of the claims and defenses at issue in this action and make discovery appropriate only as it pertains to "any nonprivileged matter that is relevant to any party's claim or defense and proportional of the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P. 26(b)(1).

Plaintiff will not incur any undue prejudice by the proposed delay, whereas the prejudice to the Defendants if discovery proceeds at this early stage will be substantial. *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816 at * 7 (D. Colo. May 17, 2012) (noting that all plaintiffs have a general interest in proceeding expeditiously, but finding that this factor did not outweigh the defendants' interests in a stay of proceedings). There is no discovery that must be handled while the immunity issues are being determined. Accordingly, the first two factors weigh in favor of staying all proceedings until such time as the Court has an opportunity to resolve the dispositive motions.

**II.     The Interests of the Court and the Public Weigh in Favor of a Stay.**

A court will consider its own convenience and the public interest in general when considering a motion to stay discovery. "[T]he district court has the power to stay proceedings … for the purpose of economy and time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (internal quotations and citation omitted). Staying discovery pending a decision on a dispositive motion that

6

would fully resolve the case "furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for further proceedings." *Fine*, 2018 U.S. Dist. LEXIS 3012, at *4 (D. Colo. Jan. 8, 2018) (citing *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. May 21, 2001) (brackets omitted).

Such a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2 (citation omitted). Neither the Court's nor the parties' time and resources are well-served by engaging in the litigation process under these circumstances. *See Frontier Steel Bldgs. Corp. v. S.J. Amoroso Constr. Co.*, No. 08-cv-00408-MSK-KLM, 2008 U.S. Dist. LEXIS 38319, at *3 (D. Colo. May 1, 2008). "Although the court has an interest in managing its docket by seeing cases proceed expeditiously, any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss." *Gale v. Jacob*, No. 15-cv-00347-WJM-KMT, 2015 U.S. Dist. LEXIS 80569 at *5 (D. Colo. June 22, 2015). A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court, given that Defendants' motions to dismiss, if granted, will resolve this case in its entirety.

Even though Denver Health has not asserted qualified immunity it should not preclude a complete stay of discovery as to all parties. Indeed, "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketz*, No. 15-cv-00423-CMA-KMT, 2015 WL

3413271 at *3 (D. Colo. May 28, 2015); *Ingram v. Clements*, No. 14-cv-01024-REB-KMT, 2015 U.S. Dist. LEXIS 45958 at *6 (D. Colo. Apr. 8, 2015). Moreover, the Supreme Court has specifically addressed this issue:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685 (2009). Under this standard, a complete stay of discovery for claims both subject to and not subject to an immunity defense is appropriate and regularly ordered. *See, e.g., Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety of a complete stay of discovery when some defendants raise qualified immunity); *Chapman v. Federal Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 U.S. Dist. LEXIS 99648 at *10-12 (D. Colo. July 30, 2015) (entering complete stay of discovery despite immunity defense only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transp.*, No. 14-cv-00844-REB-KMT, 2014 U.S. Dist. LEXIS 158723 at *9 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense").

Likewise, the final factor favors a stay. The public's interest is preserved by the requested stay because the public has an interest in "conserving public resources and the efficient functioning of government." *Eggert v. Chaffee Cty.*, No. 10-cv-01320-CMA-KMT, 2010 U.S. Dist. LEXIS 95245, at *14 (D. Colo. Aug. 25, 2010). This action concerns Plaintiff's attempted claims against both a public entity and its employees. Given the

importance of the qualified immunity defenses raised by the five individual defendants, the public's interest will not be served by unnecessary litigation while the motion to dismiss is pending adjudication.

## **CONCLUSION**

Wherefore, the Defendants respectfully request that this Honorable Court vacate the Scheduling Order and stay all discovery until after the resolution of the Defendants' Motion to Dismiss.

DATED at Denver, Colorado this 21st day of December, 2023.

s/ Anthony E. Derwinski
Anthony E. Derwinski, Esq., Colo. Bar #44408
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
Phone:  303.623.1131
E-mail: aderwinski@rs3legal.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2023, I electronically filed the foregoing which will send notification of such filing to all counsel of record.

s/ Anthony E. Derwinski
Anthony E. Derwinski, Esq., Colo. Bar #44408
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
Phone:  303.623.1131
Fax:  303.623.1141
E-mail: aderwinski@rs3legal.com
*Attorneys for Defendants*
